Case 4:12-cv-00758-A Document 16 Filed 03/05/13 Page 1 of 6 PageID 723

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 5 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH LOUIS SVITAK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:12-CV-758-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Joseph Louis Svitak, a state prisoner currently incarcerated in Fort Stockton, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On September 21, 2007, having been found guilty by a jury of two counts of indecency with a child in the Criminal District Court Number Three of Tarrant County, Texas, petitioner was

sentenced to twenty years' confinement and assessed a $10,000 fine for each offense, the sentences to run concurrently. (State Habeas R. at 127[1]) Petitioner appealed his convictions, but the Second District Court of Appeals of Texas affirmed the trial court's judgment on February 5, 2009. (*Id.* at 131) Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals; therefore his conviction became final under state law on Monday, March 9, 2009.[2] TEX. R. APP. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). On February 4, 2010, petitioner filed a state postconviction application for habeas relief, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on August 22, 2012. (*Id.* at cover)

This federal petition was filed on October 15, 2012, in which petitioner raises two grounds alleging he received ineffective assistance of counsel.[3] (Pet. at 7 & Attach.)

---

[1] "State Habeas R." refers to the court record in petitioner's state habeas application no. WR-77,952-01.

[2] Thirty days after the appellate court's decision was March 7, a Saturday.

[3] A prisoner's habeas petition is deemed filed when placed in the prison mailing system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

Respondent contends the petition is time-barred under the federal statute of limitations. (Resp't Prel. Resp. at 3-6)

## II. Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

3

toward any period of limitations under this subsection. 28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's conviction became final on March 9, 2009, triggering the one-year limitations period, which expired one year later on March 9, 2010, absent any tolling.

According to the court's calculations, petitioner's state habeas application, pending from February 4, 2010, through August 22, 2012,[4] tolled the limitations period 930 days, making petitioner's federal petition due on or before September 24, 2012. Petitioner has not, however, demonstrated he is entitled to tolling as matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *Holland v. Florida*, 130 S. Ct. 2549, 2563-64 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). It is well settled that a petitioner's unfamiliarity with the legal process,

---

[4] 2012 was a leap year.

4

ignorance of the law, lack of knowledge of filing deadlines, and pro se status do not excuse prompt filing.[5] *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). Petitioner has not set forth any extraordinary circumstances justifying his delay in pursuing state and federal postconviction relief.

Petitioner's federal petition was due on or before September 24, 2012. Accordingly, his petition filed on October 15, 2012, is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner failed to show his petition to be timely and to make

---

[5] Petitioner's belief that the limitations period did not commence until the intermediate state appellate court issued its mandate is legally incorrect. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

"a substantial showing of the denial of a federal right."

SIGNED March __5__, 2013.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE